**COMMONWEALTH of Pennsylvania,**

v.

**Frederick BURTON, Appellant.**

Superior Court of Pennsylvania.

Argued July 10, 2007.

Filed Oct. 24, 2007.

Jonathan C. Gettleman, Santa Cruz, CA, for appellant.

Suzan Willcox, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: JOYCE *, PANELLA and POPOVICH, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Frederick Burton, appeals from the order entered on August 11, 2006, by the Honorable Sandy L.V. Byrd, Court of Common Pleas of Philadelphia County, which dismissed his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

¶ 2 On December 7, 1972, following a jury trial, Burton was found guilty of first

---

* Judge Joyce did not participate in the consideration or decision of this case.

1. 42 PA. CONS.STAT. ANN. §§ 9541–9546.

degree murder,[2] attempted murder,[3] aggravated assault and battery,[4] assault and battery,[5] and criminal conspiracy[6] stemming from Burton's participation in the murder of Fairmount Police Sergeant Francis R. Von Colln and the shooting of Officer Joseph Harrington, in the Cobbs Creek section of Philadelphia on August 29, 1970. Following the trial, on December 12, 1973, the trial court sentenced Burton to a term of life imprisonment for the murder conviction.[7] On October 16, 1974, the Supreme Court of Pennsylvania affirmed Burton's judgment of sentence. *Commonwealth v. Burton,* 459 Pa. 550, 330 A.2d 833 (1974).

¶ 3 Burton took no further action for over six years. However, on September 30, 1981, Burton filed his first petition for post conviction relief under the former collateral relief act, the Post Conviction Hearing Act ("PCHA").[8] A hearing was held on October 28, 1982 after which, the PCHA court denied Burton's requested relief by order dated January 9, 1984. This Court subsequently affirmed the PCHA court's order, and the Supreme Court of Pennsylvania thereafter denied *allocatur.*

¶ 4 Approximately four years later, on January 13, 1988, Burton filed a *pro se* petition for a writ of *habeus corpus* in the Eastern District of Pennsylvania, which was denied by order dated November 7, 1988. On November 19, 1991, Burton filed his second post conviction collateral petition, now governed by the PCRA. On December 5, 1991, the PCRA court, without a hearing, denied the relief requested. This Court affirmed the PCRA court's order denying relief on March 30, 1994, and the Supreme Court of Pennsylvania again denied *allocatur* on August 17, 1994.

¶ 5 On September 28, 2004, Burton filed the instant PCRA petition, his third post conviction collateral petition under Pennsylvania law. Burton's petition was subsequently amended by counsel on September 29, 2005. The PCRA court issued a notice of its intent to dismiss Burton's petition on April 6, 2006. Thereafter, on May 9, 2006, the PCRA court vacated its notice and issued a new notice of intent to dismiss for untimeliness pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure.[9] Subsequent thereto, the PCRA court dismissed Burton's petition as untimely on August 11, 2006. This timely appeal followed.

¶ 6 Burton raises the following issues for our review:

2. 18 Pa. Cons.Stat. Ann. § 2502.

3. 18 Pa. Cons.Stat. Ann. § 2502.

4. 18 Pa. Cons.Stat. Ann. § 2702.

5. 18 Pa. Cons.Stat. Ann. § 2701.

6. 18 Pa. Cons.Stat. Ann. § 903.

7. In addition, the trial court sentenced Burton to a concurrent term of life imprisonment for conspiracy, and a period of one to two years imprisonment for assault to run concurrent to the murder sentence but consecutive to the conspiracy sentence.

8. Act of January 25, 1966, P.L. (1965) 1580, *codified at* 19 Pa. Stat. § 1180–1 *et seq.* The former PCHA was repealed in part, modified in part, and renamed the Post Conviction Relief Act, effective April 13, 1988, by Act of April 13, 1988, P.L. 336, No. 47, § 3.

9. The rule provides, in pertinent part:

   If the judge is satisfied from . . . review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

   Pa.R.Crim.P. Rule 907, 42 Pa. Con. Stat. Ann.

[1]  That an exception to the 42 PA. CON. STAT. ANN. § 9545(b) timebar applies which can overcome the jurisdictional time bar of his third PCRA petition.

[2]  That the time bar restriction is unconstitutional.

[3]  That Pa.R.Crim.P. Rule 908 entitles him to discovery and to an evidentiary hearing despite the untimeliness of his petition.

[4]  That he is entitled to *habeus corpus* relief.

Appellant's Brief at iii.[10]

■ ¶ 7  It is well-established that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 PA. CONS. STAT. ANN. § 9545(b)(1). Based upon this established rule, Burton's third PCRA petition is patently untimely.

¶ 8  On February 5, 1975, the Supreme Court of Pennsylvania denied a rehearing on Burton's direct appeal and, as a result, Burton's judgment of sentence became final on May 6, 1975,[11] when the ninety day time period for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. *See* Former Rule 22, Rules of the United States Supreme Court (petition for writ of certiorari must be filed within ninety days after entry of

order denying discretionary review in state appellate court). Accordingly, Burton had until May 6, 1976 to file a petition for post-conviction relief pursuant to the PCRA.

¶ 9  Burton filed the instant PCRA petition on September 28, 2004, over 28 years after the allowable time period for filing the petition. It has been repeatedly stated that "[t]he PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan,* 578 Pa. 587, 621, 854 A.2d 489, 509 (2004).

¶ 10  As the instant petition is clearly untimely, the courts have "no jurisdiction to grant Appellant relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 PA. CONS. STAT. ANN. § 9545(b)(i)-(iii) applies." *Commonwealth v. Pursell,* 561 Pa. 214, 220, 749 A.2d 911, 914–915 (2000). *See also Commonwealth v. Wilson,* 824 A.2d 331 (Pa.Super.2003) (*en banc*), *appeal denied,* 576 Pa. 712, 839 A.2d 352 (2003).[12]

¶ 11  Specifically, Section 9545 provides, in pertinent part, the following:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

---

**10.** Reworded and rephrased for clarity and organizational purposes.

**11.** Burton agrees in his pleadings that the last action by the Pennsylvania Supreme Court was the denial of his request for a rehearing, which order was entered on February 5, 1975.

**12.** The Third Circuit Court of Appeals, in *Whitney v. Horn,* 280 F.3d 240, 251 (3d Cir. 2002), *cert. denied, Whitney v. Beard,* 537 U.S. 1195, 123 S.Ct. 1351, 154 L.Ed.2d 1030 (2003), stressed the impact of Pennsylvania's jurisdictional rule:

It is now clear that this one-year limitation is a jurisdictional rule that precludes consideration of the merits of any untimely

PCRA petition, and it is strictly enforced in all cases, including death penalty appeals. *See Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638, 642 (1998) (affirming the denial of a second PCRA petition as time barred, and holding that no exception could be made for a capital defendant); *see also [Commonwealth v.] Banks,* [556 Pa. 1,] 726 A.2d [374] at 376 [1999] (same, noting that "[t]he Legislature has spoken on the requisites of receiving relief under the PCRA and has established a scheme in which PCRA petitions are to be accorded finality. The gravity of the sentence imposed upon a defendant does not give us liberty to ignore those clear mandates.").

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 PA. CONS.STAT. ANN. § 9545(b)(1)(i)-(iii).

■ ¶ 12 As such, exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal. *See Commonwealth v. Beasley,* 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999); *see also* Pa.R.A.P. Rule 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Additionally, the PCRA mandates that any petition invoking an exception to the time bar requirement be filed within 60 days of the date the claim could have been presented. *See* 42 PA. CONS.STAT. ANN. § 9545(b)(2).

¶ 13 Upon a thorough examination of the certified record, we note that while Burton attempts to invoke exceptions to the time bar requirement in his appellate brief, the exceptions were not properly pled in his PCRA petition pursuant to 42 PA. CONS. STAT. ANN. § 9545(b)(1). Furthermore, Burton acknowledges that he failed to raise any statutory exception within the sixty-day time limit. *See* Appellant's Brief at 6, n. 1. As the PCRA petition before this Court fails to set forth any of the enumerated exceptions to the time bar requirement, we lack jurisdiction to review any of the claims Burton raises for the first time on appeal. *See Commonwealth v. Flanagan,* 578 Pa. 587, 621, 854 A.2d 489, 509 (2004).[13]

■ ¶ 14 Even if we were to find that Burton properly invoked an exception to the time requirements of the PCRA, we would nevertheless afford him no relief. Burton's claims of newly discovered evidence, governmental inference, miscarriage of justice, a challenge to the constitutionality of the time-bar rule, and entitlement to an evidentiary hearing pursuant to Pa.R.Crim.P. Rule 908, are simply unsupported in the record and unwarranted.

¶ 15 Burton's claims of newly discovered evidence all relate to the credibility of a prosecution witness, Marie Williams. However, counsel for Burton fails to provide this Court with the specific date on which Burton discovered the so called "new and exculpatory evidence", i.e., (1) the transcript of the November 1970 hearing on the Commonwealth's motion to grant immunity to Marie Williams; (2) Williams' statements to the police made prior to the preliminary hearing; (3) and a letter allegedly drafted by Williams to the Commonwealth prior to the grant of immunity. Additionally, Burton fails to provide a valid explanation as to why this

---

**13.** Of course, by failing to raise the exceptions in the amended petition, Burton failed to provide the PCRA court with an opportunity to review the merits of his claims. *See* 42 PA. CONS.STAT. ANN. § 9545(a): "Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas."

evidence could not have been obtained earlier with "due diligence" as required by 42 Pa. Cons.Stat. Ann. § 9545(b)(1)(ii) and *Commonwealth v. Breakiron*, 566 Pa. 323, 331, 781 A.2d 94, 98 (2001). As such, Burton is not entitled to the benefit of the newly discovered evidence exception.

¶ 16 Even a cursory review of the certified record indicates that these items were available to the parties dating back to 1970. The prosecutor referenced the immunity hearing at the November 17, 1970 preliminary hearing, in the presence of Burton and his trial counsel. Burton's trial counsel questioned Williams about the immunity hearing at the time of trial. Although neither Burton nor his trial counsel were present at the immunity hearing, there is no question that they were informed of the occurrence of the hearing over thirty years ago, and therefore had the opportunity to obtain the transcript from the hearing for a substantial period of time.

¶ 17 Prior to the preliminary hearing, Williams had given two written statements to the police. Again, references were made to the statements at the preliminary hearing, in the presence of Burton and his trial counsel. Burton's trial counsel had access to the statements, and even questioned prosecution witnesses, both at the preliminary hearing and at trial, regarding the statements. Again, the claimed "newly discovered evidence" has been available to Burton for over thirty years.

¶ 18 Burton lastly claims that a letter allegedly sent to the prosecuting attorney in 1970, supposedly signed by Marie Williams, was withheld from him, and falls under the newly discovered exception. We cannot ignore the controversy surrounding the letter which faced the trial court, i.e., although the letter was typewritten, the closing was handwritten with the signature "Marie Williams" appearing at the end.

Williams later denied any memory of authoring or signing the letter, did not remember the letter, and was unable to testify that she did, in fact, sign the letter. Additionally, there is no evidence in the certified record that the letter had been sent to the prosecutor. Currently, following Williams' denial of knowledge of the letter, it becomes questionable whether this item of evidence is being used in good faith before the Court. Nevertheless, the existence of the letter was never withheld by the prosecution, and its existence was easily discernable back in 1970. The letter was attached to Williams' response to the Commonwealth's petition seeking immunity, as well as to the transcript of the immunity hearing held on November 12, 1970. Once again, the information used as a basis for a "newly discovered evidence" argument has been available to all parties for over thirty years.

¶ 19 Although Burton alleges governmental inference on the part of the Assistant District Attorney in 1991, such allegation is not only unsupported in the record, but actually contradicted. Burton claims that in 1991, an ADA lured him into delaying the timely filing of post conviction petitions by telling him that he needed to back up his claims with court records, while at the same time withholding the preliminary hearing transcript which he needed to provide the support for his claims. However, the record dictates otherwise. In fact, the record reveals that, in 1991, a letter was sent to Burton from the Post Conviction Hearing Unit of the Court of Common Pleas advising Burton that it had been attempting to locate Burton's court records and that he had the burden of proof, and needed to provide record support for his claims. This letter was attached to Burton's amended PCRA petition in support of his claims. Without question, the alleged governmental inter-

ference should have been directed at the trial court, not the prosecutor's office. Notwithstanding the fact that the advice in the letter was accurate, the alleged governmental inference is related to a letter sent in 1991, fifteen years after the expiration of time for a post conviction collateral petition. Due to the tardy complaint raised over this letter, and the legitimate advice contained in the letter, we find Burton has failed to meet his burden with respect to the applicability of the governmental interference exception, and need not review it in any further detail.

¶ 20 Turning to Burton's argument that his conviction is a "miscarriage of justice", we need not reach the merits of his contentions because the courts of Pennsylvania will only entertain a "miscarriage of justice" claim when the initial timeliness requirement is met. *See Commonwealth v. Fahy,* 558 Pa. 313, 330–331, 737 A.2d 214, 223 (1999), *cert. denied,* 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001). Although the courts will review the request in a second or subsequent collateral attack on a conviction if there is a strong prima facie showing that a miscarriage of justice occurred, *Commonwealth v. Morales,* 549 Pa. 400, 409–410, 701 A.2d 516, 520–521 (1997), there is no "miscarriage of justice" standard exception to the time requirements of the PCRA. *Fahy,* 558 Pa. at 331, 737 A.2d at 223. Therefore, while we would consider a timely petition under the standard set forth in *Morales,* this court has no jurisdiction to address an untimely petition.[14]

¶ 21 It is well-established in this Commonwealth that the jurisdictional time bar set forth by 42 PA. CONS.STAT. ANN. § 9545(b)(1)(i)-(iii)(2) is clearly constitu-

tional. As succinctly stated by the Pennsylvania Supreme Court:

This Court has held that the PCRA's time restriction is constitutionally valid. *See Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638, 643 (1998) ("the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit [an appellant's] constitutional right to habeas corpus relief."). Furthermore, we have held that the PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. *See Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling;" instead, the time for filing a PCRA petition can be extended only to the extent that the PCRA permits it to be extended, i.e., by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* at 222.

*Commonwealth v. Cruz,* 578 Pa. 325, 334–335, 852 A.2d 287, 292 (2004).

¶ 22 Lastly, Pa.R.Crim.P. Rule 907, 42 PA. CONS.STAT. ANN., provides a PCRA court with authority to dismiss a petition if the petitioner has not met the jurisdictional requirements of 42 PA. CONS. STAT. ANN. § 9545(b)(1) and, pursuant to that same section, neither a showing of prejudice by the Commonwealth nor a hearing is required before a petition is dismissed. *See Commonwealth v. Dickerson,* 900 A.2d 407, 412 (Pa.Super.2006), *appeal denied,* 590 Pa. 656, 911 A.2d 933 (2006) (when Appellant fails to plead and prove that his petition meets the requirements of the statutory exceptions to the PCRA's jurisdictional time-bar, the Supe-

---

**14.** *Morales* and other more recent cases are the progeny of *Commonwealth v. Lawson,* 519

Pa. 504, 513, 549 A.2d 107, 112 (1988).

rior Court and the PCRA court lack jurisdiction to consider substantive claims).

¶ 23 Accordingly, we affirm the order of the PCRA court dismissing Burton's third PCRA petition as untimely.

¶ 24 Order affirmed. Jurisdiction relinquished.