J-S62041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BILLY RAY ALLEN | |
| Appellant | No. 206 EDA 2014 |

Appeal from the PCRA Order December 18, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000048-1996

BEFORE:  ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                **FILED NOVEMBER 24, 2014**

Billy Ray Allen brings this appeal *pro se* from the order entered December 18, 2013, in the Court of Common Pleas of Montgomery County, dismissing, as untimely, his second petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. In this appeal, Allen presents 13 issues, of which the final two address the timeliness of his PCRA petition.[1]  Based upon the following, we affirm.

_____

[1] In the first nine issues raised by Allen, he contends that he is entitled to relief on the basis of prosecutorial misconduct.  In his tenth issue, Allen contends his trial counsel engaged in unethical acts of professional misconduct. In the eleventh issue, Allen claims the trial court abused its discretion and violated his constitutional rights to have his innocence determined by a jury, when the trial judge denied his *pro se* motion for a mistrial and appointment of new counsel.  **See** Allen's Brief at 4–5.

On November 27, 1996, a jury found Allen guilty of murder of the first degree, robbery, and possession of an instrument of crime (PIC).[2]  On December 3, 2006, following a penalty hearing, the jury did not impose the death penalty.  The trial court thereafter sentenced Allen to life imprisonment, a consecutive sentence of 10 to 20 years on the robbery conviction, and a concurrent sentence of one to five years for the PIC conviction.  On May 14, 1998, this Court affirmed the judgment of sentence, and on March 29, 1999, the Pennsylvania Supreme Court denied Allen's petition for allowance of appeal.  ***Commonwealth v. Allen***, 718 A.2d 853 [3996 PHL 1997] (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 737 A.2d 1222 [466 MDA 1996] (Pa. 1999).

On October 18, 1999, Allen filed his first PCRA petition, which was unsuccessful.  ***See Commonwealth v. Allen***, 778 A.2d 730 [1556 EDA 2000; 2782 EDA 2000] (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 788 A.2d 731 [455 MAL 2001; 456 MAL 2001] (Pa. 2001). Presently, we address Allen's second PCRA petition, filed *pro se* on July 31, 2013.

Preliminarilyy, we state the principles that guide our review:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will

---

[2] 18 Pa.C.S. §§ 2502(a), 3701, and 907, respectively.

not be disturbed unless they have no support in the certified record.

***Commonwealth v. Turpin***, 87 A.3d 384, ___ (Pa. Super. 2013) (citation omitted). Furthermore,

> [a] PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16–17 (Pa. 2012) (case citations and footnote omitted).

Instantly, the Pennsylvania Supreme Court, on March 29, 1999, denied Allen's petition for allowance of appeal, filed following direct review of his judgment of sentence. As such, Allen's judgment of sentence became final on June 27, 1999, upon expiration of the 90-day appeal period for filing a petition for writ of *certiorari* in the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct. Rule 13 (allowing 90 days to file a

petition for writ of *certiorari*). Therefore, Allen had one year from that date to file a petition for collateral relief. **See** 42 Pa.C.S. § 9545(b)(1).

Here, Allen filed the current petition on July 31, 2013, over 13 years after his judgment of sentence became final. Therefore, Allen's petition is untimely on its face, and the PCRA court lacked jurisdiction unless Allen pleaded and proved one of the statutory exceptions to the time bar. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[3]

Our review of the record in light of the PCRA timeliness requirements and relevant case law confirms that the PCRA court correctly determined

_____

[3] The statutory exceptions that allow for review of an untimely petition are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Allen's petition was untimely and that he failed to prove a statutory exception to the PCRA's one year time-bar.

In this appeal, Allen has acknowledged that he mistakenly relied on the United States Supreme Court decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), in invoking the PCRA's exception for an after-recognized constitutional right, 42 Pa.C.S. § 9545(b)(1)(iii).  Allen concedes *McQuiggin* does not satisfy this exception.  *See* Allen's Brief at 34.[4]  As the PCRA Court aptly explained in its Pa.R.Crim.P. 907(1) notice:

> *McQuiggin* holds that, in federal *habeas corpus* proceedings, strict compliance with the one (1) year statute of limitations imposed by 28 U.S.C. § 2244(d) will not be required when the petitioner advances a convincing claim of actual innocence. Nowhere in *McQuiggin* does the Supreme Court of the United States announce that this holding recognizes any new constitutional right that is to be accorded retroactive effect.

_____

[4] Specifically, Allen states in his brief:

> Even though his PCRA Petition wa[s] facially untimely, Defendant thought nonetheless, that he was still entitled to proceed under the authority of *McQuiggin[] vs. Perkins*, 133 S. Ct. 1924, 185 L.Ed.2d 1019 [decided May 28, 2013].  Defendant was under the presumption that the aforementioned ruling recognized a Constitutional Right that the State could review the merits of his claims under the authority of 42 Pa.C.S.A. § 9545([b])(1)(iii).  This Defendant acknowledges that he was mistaken.

Allen's Brief at 34.

PCRA Court Notice Pursuant to Pa.R.Crim.P. 907(1), 11/15/2013, at 8. Therefore, the after-recognized constitutional right exception does not allow review of Allen's untimely petition.

Furthermore, Allen did not raise any other statutory exception in his PCRA petition. Accordingly, we agree with the Commonwealth that Allen has waived his argument raised in his brief filed with this Court that 42 Pa.C.S. § 9545(b)(1)(i) and (ii) allow review of his claims. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) ("[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal."), *appeal denied*, 959 A.2d 957 (Pa. 2008).

Accordingly, there is no basis upon which to disturb the decision of the Honorable William T. Nicholas that dismissed Allen's second PCRA petition as untimely and satisfying no statutory exception to the time bar.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2014