J-S40024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VANDER K. CLAYBORNE | |
| Appellant | No. 3354 EDA 2015 |

Appeal from the PCRA Order October 22, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0009696-1990

BEFORE:  BOWES, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY  SOLANO, J.:              **FILED AUGUST 19, 2016**

Appellant, Vander K. Clayborne, appeals *pro se* from the order dismissing Appellant's fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, for lack of jurisdiction.  We affirm.

The PCRA court summarized the pertinent factual and procedural history of this case as follows:

> On October 3, 1991, [Appellant] entered a guilty plea to murder generally for the killing of Jeffrey Savage and to aggravated assault for shooting Raymond Craig.  The Honorable Frank T. Hazel held a non-jury degree of guilt hearing from October 7, 1991 – October 9, 1991 and found [Appellant] guilty of first degree murder.  A jury was empaneled for the death penalty phase but was unable to reach a unanimous verdict.  As a result, on September 14, 1992, [Appellant] was sentenced to a

term of life imprisonment plus 78-240 months' incarceration.

[Appellant] filed a direct appeal and on August 9, 1993, the Pennsylvania Superior Court affirmed [Appellant's] judgment of sentence by memorandum opinion. On December 15, 1994, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal.

On April 18, 1995, [Appellant] filed a PCRA petition. Counsel was appointed and on May 22, 1995, filed an amended petition. An evidentiary hearing took place on June 12, 1995. The PCRA court denied the petition.

On July 28, 2011, [Appellant] filed a petition entitled "Petition for Writ of Habeas Corpus and Declaratory Judgment." The court treated the petition as a second PCRA. On August 22, 2011, the PCRA court filed its notice of intent to dismiss without a hearing based upon its finding that the petition was untimely and that [Appellant] failed to satisfy any of the exceptions to the time bar. [Appellant] responded to the notice of intent to dismiss on September 28, 2011 and the petition was dismissed on September 29, 2011.

[Appellant] filed a notice of appeal on December 13, 2011. The Pennsylvania Superior Court affirmed the dismissal on December 12, 2012. On January 17, 2013, [Appellant] filed an application for reconsideration, which was denied on March 14, 2013.

On July 25, 2014, [Appellant] filed this instant Petition, entitled "Petition for Writ of Habeas Corpus, with Motion to Vacate Waivers and Judgment of Conviction/Sentence." The case was reassigned to this Court. [Appellant] raised claims of ineffective assistance of counsel as well as an illegal sentence claim; therefore, this Court treated the motion as [Appellant's] third PCRA petition. On September 15, 2014, this Court issued a notice of intent to dismiss

without a hearing. [Appellant] responded on October 7, 2014. On October 8, 2014, this Court issued an Order dismissing the Petition. [Appellant] filed a notice of appeal on November 6, 2014.

On June 8, 2015, the Pennsylvania Superior Court affirmed the [PCRA c]ourt's dismissal of Appellant's untimely third PCRA petition. On June 24, 2015, Appellant filed an Application for Reargument/Reconsideration, which was denied on August 6, 2015.

On August 17, 2015, a mere eleven days after the Superior Court's denial of Appellant's reconsideration application, Appellant filed a "Motion to Renew PCRA/Habeas Petition" which this Court treated as his fourth PCRA petition. Appellant raises the exact same issues that were in his third PCRA petition but adds that he is entitled to relief pursuant to **Commonwealth v. Hopkins**, 117 A.2d 247 (Pa. 2015).

This Court issued a notice of intent to dismiss on August 18, 2015. [Appellant] wrote to this Court and asked for additional time to file a response, which this Court granted. Appellant filed a response on September 8, 2015. On October 22, 2015, this Court dismissed the Petition. On November 6, 2015, Appellant filed a notice of appeal.

PCRA Court Opinion, 11/12/15, at 1-3. As noted above, Appellant unsuccessfully sought post-conviction relief in prior PCRA petitions filed in 1995, 2011, and 2014. This is Appellant's fourth PCRA petition.

On this appeal, Appellant raises the following issues, as stated:

1. Did the lower court deny Appellant due process by not allowing Appellant a hearing and-or assistance of counsel, thereby violating his rights secured by the U.S. Constitution, Amendments 1, 5, 6, 14?

2. May the state legislature or courts suspend the writ of habeas corpus and did they deny Appellant due process in violation of Amendments 1, 5, 14 and Article 1, § 9(2) and Pennsylvania Constitution Article 1, § 14?

Appellant's Brief at 4.

The PCRA court dismissed Appellant's petition for lack of jurisdiction because the petition was not filed with the time limits set forth in the PCRA. In fact, the court noted that Appellant's fourth PCRA petition "is facially untimely by approximately twenty years." PCRA Court Opinion, 11/12/15, at 4. We agree.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (internal citations omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, one of the three statutory exceptions to these time limitations set forth in Section

9545(b)(1) of the statute.[1] *See* 42 Pa. C.S. § 9545(b). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 651-52; *see also* 42 Pa.C.S. § 9545(b)(2). Any asserted exceptions to the time limitations must be alleged in the petition to the PCRA court; they may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007)

Here, Appellant's judgment of sentence became final on March 15, 1995 (ninety days after our Supreme Court denied his petition for allowance of appeal). *See Commonwealth v. Clayborne*, No. 3380 EDA 2014, slip op. at 6 (Pa. Super. June 8, 2015). Appellant's latest PCRA petition is

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

therefore patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***.

As the PCRA court noted, Appellant's latest PCRA petition "fail[s] to plead any facts that, if proven, would satisfy any of the exceptions to the timeliness requirement." PCRA Court Opinion, 11/12/15, at 5. In particular, the petition fails to plead any ground under Section 9545(b)(1) that would entitle Appellant to litigate the two issues that he frames in his brief, which he has filed twenty years after his judgment of sentence became final.

In his brief, Appellant asserts that he is entitled to post-conviction relief because he was illegally sentenced in light of ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2015) (any fact that by law increases a mandatory minimum sentence must be treated as an element of the offense and found by a jury beyond a reasonable doubt). He also cites ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015) (under ***Alleyne***, mandatory minimum sentencing aspects of Section 6317 of Crimes Code are constitutionally infirm). ***See*** Appellant's Brief at 5. But the constitutional rights recognized in those decisions may be a basis for PCRA relief only if the decisions apply retroactively. 42 Pa.C.S. § 9545(b)(1)(iii). The Supreme Court of Pennsylvania has held that "***Alleyne*** does not apply retroactively to cases pending on collateral review," and that a sentence imposed in violation of ***Alleyne*** is not in fact "illegal." ***Commonwealth v. Washington***, ___

A.3d \_\_\_\_, 2016 WL 3909088, *8 (Pa. July 19, 2016). That holding necessarily disposes of "illegal sentencing" claims under **Hopkins** as well. **See id.** at *1. Accordingly, Appellant's citation to **Alleyne** and **Hopkins** cannot save his petition from the PCRA's jurisdictional bar.

Based on the foregoing, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's latest PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016