J-S73043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN MYKEL BAILEY | |
| Appellant | No. 677 WDA 2016 |

Appeal from the Order April 18, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008915-2004
CP-02-CR-0011831-2004

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED OCTOBER 25, 2016**

Steven Mykel Bailey ("Appellant") appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On January 10, 2005, a jury convicted Appellant of first-degree murder, violating the Uniform Firearms Act, carrying a firearm without a license, and four counts of recklessly endangering another person.  On March 15, 2005, the court sentenced Appellant to life imprisonment for first-degree murder

---

[1] 42 Pa.C.S. §§ 9541-9546.

and concurrent sentences of one (1) to two (2) years' incarceration for each of his other convictions. On April 17, 2007, this Court affirmed Appellant's judgment of sentence. On December 20, 2007, our Supreme Court denied his petition for allowance of appeal. Appellant did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On April 23, 2008, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on October 1, 2008. On January 29, 2009, the PCRA court denied Appellant's petition. This Court affirmed the order denying Appellant's PCRA petition on October 10, 2010. On March 30, 2011, our Supreme Court denied Appellant's petition for allowance of appeal. On April 19, 2011, Appellant filed another PCRA petition, which he subsequently withdrew.

On June 10, 2015, Appellant filed the present PCRA petition, his third. The PCRA court appointed counsel, who filed an amended PCRA petition on November 9, 2015. After conducting a hearing on January 14, 2016, the PCRA court denied Appellant's petition on April 18, 2016. On May 10, 2016, Appellant timely filed a notice of appeal. The PCRA court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 18, 2016, pursuant to Pa.R.A.P. 1925(a), the PCRA court issued a statement adopting its April 18, 2016 opinion denying Appellant's PCRA petition as its reasons for denying Appellant relief.

Appellant raises the following issue for our review:

DID THE LOWER COURT ERR AND ABUSE ITS DISCRETION BY DENYING [APPELLANT'S] PETITION FOR POST-CONVICTION COLLATERAL RELIEF FROM A CONVICTION OF MURDER OF THE FIRST DEGREE AFTER [APPELLANT] PRODUCED AN AFTER-DISCOVERED WITNESS WHO TESTIFIED AT AN EVIDENTIARY HEARING THAT THE VICTIM HAD REACHED FOR A GUN PRIOR TO THE SHOOTING INCIDENT IN THIS CASE?

Appellant's Brief at 4.

Appellant claims that he is entitled to collateral relief pursuant to 42 Pa.C.S. § 9543(a)(2)(vi) because of exculpatory evidence, specifically the affidavit of Avid Nalls, that was not available at the time of trial. He claims that Mr. Nalls would testify that he saw the victim reach for a gun before Appellant shot him, and that this testimony would change the outcome of his jury trial.

Before we address the merits of Appellant's claim, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); *see also* 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). These "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super.2007). Further, if a petition pleads one of these exceptions, the petition will not be

considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 19, 2008, when the time period during which he could have filed a petition for a writ of certiorari with the Supreme Court of the United States expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Accordingly, he had until March 19, 2009 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). His present petition, filed June 10, 2015, is patently untimely. Thus, we must determine whether he has pled and proved any of the exceptions to the PCRA time-bar in his petition.

To invoke exception 42 Pa.C.S. § 9545(b)(ii) of the PCRA time-bar, Appellant claims in his PCRA petition that he did not know that Mr. Nalls saw the victim reaching for the gun and he could not have ascertained this fact through the exercise of due diligence. Further, he claims he brought his petition within 60 days of learning that Mr. Nalls witnessed the event.

To prove that he qualified for the timeliness exception to the PCRA time-bar, Appellant attached the affidavit of Mr. Nalls to his petition. The affidavit states that Mr. Nalls was exiting a pizza shop directly across the street from the shooting when he witnessed the victim reach for a gun, and that he immediately exited the scene. If Mr. Nalls' affidavit is true, Appellant would not have known that Mr. Nalls was at the scene of the crime and that he witnessed the victim reach for the gun, nor could he have ascertained

this through the exercise of due diligence. Mr. Nalls testified that he told Appellant about this observation in the middle of April 2015, and he signed the affidavit on May 21, 2015. N.T., 1/14/2016, at 15. Because Appellant filed his PCRA petition within 60 days of these events, he has satisfied the Section 9545(b)(ii) exception to the PCRA time-bar, and we proceed to the merits of his claim.

Our standard of review regarding PCRA relief is well-settled. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

"To obtain relief based upon newly-discovered evidence under the PCRA, Appellant must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through

reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. Washington***, 927 A.2d 586, 595–96 (Pa.2007).

Appellant argues that the introduction of Mr. Nalls testimony would have compelled a different verdict because it would have supported a self-defense theory. He claims that if the jury were instructed on the theory of self-defense, that it would not have convicted him of first-degree murder. We disagree.

The theory of self-defense is governed by the following statute:

**§ 505. Use of force in self-protection**

**(a) Use of force justifiable for protection of the person.‑‑**The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

**(b) Limitations on justifying necessity for use of force.**‑‑

\* \* \*

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating, except

the actor is not obliged to retreat from his dwelling or place of work, unless he was the initial aggressor or is assailed in his place of work by another person whose place of work the actor knows it to be.

18 Pa.C.S. § 505.

Additionally,

[T]o establish the defense of self-defense it must be shown that: a) the slayer was free from fault in provoking or continuing the difficulty which resulted in the slaying; b) that the slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force in order to save himself therefrom; and c) the slayer did not violate any duty to retreat or to avoid the danger.

If there is any evidence from whatever source that will support these three elements then the decision as to whether the claim is a valid one is left to the jury and the jury must be charged properly thereon by the trial court.

*Commonwealth v. Hansley*, 24 A.3d 410, 421 (Pa.Super.2011) (emphasis and internal citations omitted).

Here, Appellant testified that on the day of the murder, he received a phone call from his girlfriend's cell phone. He heard the victim screaming "get your man," his girlfriend screaming "stop hitting me," and his baby screaming and hollering in the background. N.T., 1/4-7/2005, at 320. Appellant drove his vehicle to the area where he thought his family and the victim would be, picked up his girlfriend and child, and drove them back to their home. *Id.* at 321. He did not exit the vehicle, but drove back to the area where he had last seen the victim, supposedly to discuss why the victim was harassing Appellant's family. *Id.* at 323. Appellant stopped his

vehicle in front of Bill's Tavern, the victim came out of the tavern with a "real mean look on his face," and reached toward his shirt. *Id.* at 324-25. Appellant testified that he saw something shiny and thought the victim was reaching for his gun. *Id.* at 325. The victim's shiny belt buckle was later introduced into evidence to corroborate Appellant's testimony. Appellant then fired two shots "to the left" of the victim from his vehicle. *Id.* The victim ran back into the bar and Appellant shot a few more bullets at the bar "to scare him off" before he drove away from the scene. *Id.*

One of Appellant's shots killed the victim. Even if Appellant did not provoke the slaying, he was in a vehicle and very easily could have retreated, especially considering the fact that the victim ran away into the bar. Even if he reasonably believed he was in danger, there was no necessity to use such deadly force. Thus, the court was not required to give a justification defense instruction, and it would not have been required to give such an instruction even if Mr. Nalls testified that the victim had a gun.

Moreover, because Appellant testified that he saw the victim reach for a gun, and he introduced the victim's belt buckle into evidence to support his theory, in addition to failing to compel a different verdict, the testimony would have been cumulative.

The PCRA court did not find Mr. Nalls to be credible and did not believe he witnessed the victim reach for the gun. It found that even if Mr. Nalls was telling the truth, the testimony "would not likely compel a different

verdict because [Appellant] provoked the situation by seeking out the victim and [Appellant] had the duty to retreat and walk away." PCRA Court Opinion, filed April 18, 2016, at 7.

The PCRA court's determination is supported by the record and free of legal error.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2016