J-S90044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HYQUAWNN BAKEERE WALLACE | |
| Appellant | No. 1921 EDA 2016 |

Appeal from the PCRA Order May 17, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002178-2005

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 08, 2016**

HyQuawnn Bakerree Wallace ("Appellant") appeals *pro se* from the order entered in the Northampton County Court of Common Pleas, which denied his third petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On February 6, 2006, a jury convicted Appellant of aggravated assault, burglary, three counts of conspiracy, nine counts of simple assault, and nine counts of robbery.  On March 6, 2006, the court sentenced Appellant to an aggregate term of 25½ to 51 years' incarceration.  On January 5, 2007, this

---

[1] 42 Pa.C.S. §§ 9541-9546.

Court affirmed Appellant's judgment of sentence. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 19, 2010, Appellant filed his first *pro se* PCRA petition. The PCRA court appointed counsel and subsequently dismissed his petition on July 20, 2010. This Court affirmed the dismissal order on July 22, 2011. On December 28, 2011, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. On March 26, 2012, Appellant filed another PCRA petition, which the PCRA court denied on May 2, 2012. On May 24, 2012, Appellant appealed the PCRA order, and this Court dismissed the appeal on December 24, 2012 because Appellant failed to file a brief.

On January 25, 2016, Appellant filed the present PCRA petition, his third. On April 26, 2016, the PCRA court issued notice of its intent to dismiss the petition without a hearing. On May 9, 2016, Appellant filed a response to the court's notice, and the PCRA court dismissed Appellant's petition on May 17, 2016. On June 6, 2016, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> WAS [APPELLANT'S] 6[TH] AMENDMENT RIGHT TO COUNSEL VIOLATED DUE TO A LAYERED INEFFECTIVE ASSISTANCE OF COUNSEL ARISING FROM ONE'S FAILURE TO FOLLOW P.A.R.A.P. 2119(F)?
>
> SINCE ASSISTANCE OF COUNSEL IS A RIGHT GRANTED BY THE 6[TH] AMENDMENT[, HAVE] THE [APPELLANT'S] CONSTITUTIONAL RIGHTS BEEN VIOLATED DUE TO A LAYERED INEFFECTIVE ASSISTANCE OF COUNSEL ARISING OUT OF THE PLEA BARGAINING PROCESS?

IS 42 P.A.C.S.A. § 9545 UNCONSTITUTIONAL BECAUSE IT PREVENTS THE COURT OF COMMON PLEAS, AND ANY COURT THEREAFTER, JURISDICTION TO HEAR AND TREAT THE VIOLATIONS TO [APPELLANT'S] CONSTITUTIONAL RIGHTS?

Appellant's Brief at 3.

Before we address the merits of Appellant's claims, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); *see also* 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed

more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

 (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

 (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

 (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).   These "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa.Super.2007).   Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on February 5, 2007, when his time period for filing a petition for allowance of appeal with our Supreme Court expired.  Thus, Appellant had until February 5, 2008 to file a timely PCRA petition.  The present petition, filed January 25, 2016, is

patently untimely. Appellant has failed to plead and prove any of the enumerated exceptions to the PCRA time bar.[2]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2016

---

[2] Appellant claims that the PCRA and its time limitations are unconstitutional. To qualify for the constitutional right exception to the PCRA time bar, Appellant must plead and prove that the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a constitutional right and has held that right to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(iii). Appellant fails to plead and prove any such right.