J-S12015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AARON C. GASPARICH | |
| Appellant | No. 1754 MDA 2016 |

Appeal from the PCRA Order September 29, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-0004383-2010

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 07, 2017**

Appellant, Aaron C. Gasparich, appeals *pro se* from the order dismissing, as both untimely and meritless, his *fourth* petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the relevant procedural and factual history as follows.

> On June 29, 2011, Appellant pled guilty to two counts of involuntary deviate sexual intercourse (IDSI) with a child and one count of indecent assault. He was sentenced on September 18, 2011, to two mandatory terms of 10 to 20 years' incarceration for his IDSI offenses, imposed to run concurrently. Appellant did not file a direct appeal.
>
> On August 23, 2012, Appellant filed a timely, *pro se* PCRA petition and counsel was appointed. However, at a hearing conducted on April 20, 2013, Appellant requested to withdraw his PCRA petition, which the court granted. On December 29, 2014, Appellant filed a second, *pro se* PCRA petition, which the

court ultimately dismissed on April 16, 2015. Appellant did not file an appeal.

On April 24, 2015, Appellant filed his third, *pro se* PCRA petition[.] On May 11, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely filed. Appellant filed a *pro se* response, but the court dismissed his petition on June 4, 2015. Appellant filed a timely, *pro se* notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

*Commonwealth v. Gasparich*, 1050 MDA 2015, at 1-2 (Pa. Super., filed February 1, 2016) (unpublished memorandum).

In his third PCRA petition, Appellant attempted to rely upon *Alleyne v. United States*, 133 S.Ct. 2151 (2013), to satisfy the "new constitutional right" exception of § 9545(b)(1)(iii). Appellant contended that *Alleyne* rendered his mandatory minimum sentences illegal. However, the panel concluded that the trial court correctly determined that Appellant's reliance on *Alleyne* did not satisfy the "new constitutional right" exception because it does not apply retroactively and, additionally, because Appellant failed to assert this claim within sixty days of the decision. Therefore, the panel affirmed the trial court's dismissal of Appellant's third PCRA petition.

On August 10, 2016, Appellant filed his fourth, *pro se* PCRA petition. The PCRA court again issued Rule 907 notice of intent to dismiss Appellant's petition without a hearing, explaining that Appellant's petition was not only patently untimely, but also without merit, as Appellant's claims mirrored those set forth in his third PCRA petition. Appellant filed a *pro se* response,

but the PCRA court dismissed Appellant's fourth PCRA petition as untimely and, alternatively, as without merit. This *pro se* appeal follows.

Prior to addressing Appellant's substantive claims, we must first determine whether the PCRA court correctly concluded that Appellant's latest *pro se* PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, **see** 42 Pa.C.S.A. § 9545(b)(1), unless the petition alleges and proves an exception to the time for filing the petition, **see id**., at subsections (i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 651-52 (citing 42 Pa.C.S.A. § 9545(b)(2)). Exceptions to the time bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007).

Appellant needed to file the petition at issue by October 19, 2012 in order for it to be timely. The petition at issue here is blatantly untimely unless Appellant has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Appellant did not plead any exception to the time bar in his petition. However, as the claims in Appellant's fourth *pro se* PCRA petition largely

mirror the claims in his third *pro se* PCRA petition, we can arguably assume that his citations to **Alleyne** in his fourth PCRA petition were for the purpose of satisfying the "new constitutional right" exception of section 9545(b)(1)(ii). In that case, we adopt the reasoning of the prior panel and find that Appellant's reliance on **Alleyne** does not satisfy the timeliness exception set forth in section 9545(b)(1)(iii). **See Gasparich**, 1050 MDA 2015, at 4-5.

In sum, Appellant's latest PCRA petition is untimely and he has failed to adequately plead any exception to the timeliness requirements of the PCRA. Thus, the PCRA court properly concluded that it lacked jurisdiction and correctly denied Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017