J-A29010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH VERNON DAVIS | : | |
| | : | |
| Appellant | : | No. 303 WDA 2025 |

Appeal from the Order Entered March 6, 2025
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000474-2017

BEFORE: OLSON, J., DUBOW, J., and BENDER, P.J.E.

JUDGEMENT ORDER BY DUBOW, J.:                    **FILED: December 8, 2025**

Appellant, Keith Vernon Davis, appeals *pro se* from the March 6, 2025 order entered in the Cambria County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

The facts and procedural history of this case are largely immaterial to our disposition. Briefly, on September 19, 2017, Appellant entered a negotiated guilty plea to one count each of Involuntary Deviate Sexual Intercourse and Aggravated Indecent Assault. On December 21, 2017, after denying Appellant's motion to withdraw guilty plea, the trial court imposed a negotiated term of 7½ to 15 years of incarceration. This Court affirmed Appellant's judgment of sentence on February 19, 2019, and on August 14, 2019, our Supreme Court denied Appellant's petition for allowance of appeal. ***See Commonwealth v. Davis***, No. 265 WDA 2018 (Pa. Super. filed Feb. 19,

2019) (non-precedential decision), *appeal denied*, 217 A.3d 197 (Pa. 2019). Appellant's judgment of sentence, thus, became final on November 14, 2019, when the time to seek review by the U.S. Supreme Court expired.

On January 7, 2020, Appellant filed a first PCRA petition in which he claimed his plea counsel had been ineffective for not investigating potential alibi witnesses and because counsel had a conflict of interest. After holding evidentiary hearings, the PCRA court denied Appellant's petition as meritless. On August 16, 2021, this Court affirmed the order denying the petition. **See Commonwealth v. Davis**, 262 A.3d 494 (Pa. Super. 2021) (non-precedential decision).

On January 28, 2025, Appellant *pro se* filed the instant untimely PCRA petition in which he claimed his trial counsel was ineffective. On February 3, 2025, the PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, noting that it lacked jurisdiction to review Appellant's claims because he had failed to plead, let alone prove, any exceptions to the PCRA's one-year jurisdictional time-bar. Appellant did not file a response to the Rule 907 notice.

On March 6, 2025, the PCRA court dismissed Appellant's petition. This appeal followed. However, before we address the issues Appellant has raised on appeal, we consider whether his appeal is properly before us.

We review a court's denial of a PCRA petition to determine whether the record supports the PCRA court's findings of fact and "whether its conclusions of law are free from legal error." **Commonwealth v. Small**, 238 A.3d 1267,

1280 (Pa. 2020). While this Court defers to the PCRA court's factual findings and credibility determinations if supported by the record, we review its legal conclusions *de novo*. ***Id.*** "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the [prevailing] party[.]" ***Id.***

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1).

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). ***See id.*** Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. ***Id.*** at § 9545(b)(2).

Here, as noted above, Appellant's judgment of sentence became final on November 14, 2019. His January 28, 2025 petition is, thus, facially untimely.

Following our review of the record, including Appellant's January 28, 2025 petition, we find, as did the PCRA court, that Appellant failed to invoke

any of the exceptions to overcome the PCRA's time-bar.[1]  Accordingly, like the PCRA court, we are without jurisdiction to review the claims raised by Appellant.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/08/2025

---

[1] We acknowledge that, in his brief to this Court Appellant asserted, for the first time, that the governmental interference exception to the PCRA's time bar applies to render his otherwise untimely petition timely.  Our case law is clear, however, that "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").