J-S66023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOZSEF GYETVAI | |
| Appellant | No. 226 MDA 2016 |

Appeal from the PCRA Order January 7, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0003461-2007

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 13, 2016**

Appellant, Jozsef Gyetvai, appeals *pro se* from the order dismissing as untimely his latest petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court summarized the relevant procedural and factual history as follows.

> On February 28, 2008, [Appellant] pled guilty to one count of rape of a child. In exchange, the other charges against the defendant were nolle prossed. These charges arose between March and November of 2007 when [Appellant] repeatedly sexually abused his ten-year-old stepdaughter.
>
> On May 30, 2008, [Appellant] was sentenced to 15 to 35 years, followed by five years of special probation. [Appellant] filed a Motion for Reconsideration of Sentence which was denied on June 10, 2008. [Appellant did not file a direct appeal.]
>
> On December 29, 2008[, Appellant] filed a [PCRA petition]. [PCRA counsel] was appointed to represent [Appellant]. On May 17, 2010, [PCRA counsel] filed a Motion to Withdraw as Counsel

Pursuant to a [***Turner/Finley***] Letter. On June 15, 2009, [PCRA counsel's] motion was granted. Also on June 15, 2010, this court issued a Notice of Intent to Dismiss and on July 15, 2010, dismissed the petition. [Appellant] filed a notice of appeal to the Superior Court, and on July 7, 2011, the Superior Court affirmed the court's denial of PCRA relief.

On September 9, 2011, [Appellant] filed his second PCRA petition. On September 12, 2011, this court again appointed [PCRA counsel] to represent [Appellant]. On May 28, 2013, [PCRA counsel] filed a Motion to Withdraw as Counsel Pursuant to a [***Turner-Finley***] Letter. On July 9, 2013, [PCRA counsel's] motion was granted. Also on July 9, 2013, this court issued a Notice of Intent to Dismiss and on September 26, 2013, dismissed the petition.

On September 20, 2013, [Appellant] filed his third PCRA petition, and on December 3, 2013 filed a motion [sic] in support. On January 16, 2014, this court issued a Notice of Intent to Dismiss and on March 20, 2014, dismissed the petition. On April 22, 2014, [Appellant] filed a Notice of Appeal, and on February 9, 2015, the Superior Court affirmed the court's dismissal of the third PCRA petition.

On February 19, 2015, [Appellant] filed a Motion for Acquittal challenging the sufficiency of the evidence against him, as well as raising other arguments. On March 3, 2015, he filed a Motion to Amend the Motion for Aquittal, challenging the legality of his sentence. On March 4, 2015, he filed another motion asking the court to grant his motions. This court deemed these motions to be a fourth PCRA petition. On April 30, 2015, this court issued a Notice of Intent to Dismiss and on June 8, 2015, dismissed the petition.

On June 15 and July 7, 2015, [Appellant] filed an Administrative Appeal and Application for Reargument which this court denied. On August 3, 2015, [Appellant] filed a Petition to Amend and Reargue his First PCRA Petition and All Filed Petitions, and on September 23, 2015, filed a motion to modify sentence. The court [deemed] these a fifth [PCRA petition].

PCRA Court Memorandum, 10/22/15, at 1-3. On January 7, 2016, the PCRA court dismissed Appellant's fifth PCRA petition as untimely. This *pro se* appeal follows.

Prior to addressing Appellant's substantive claims, we must first determine whether the PCRA court correctly concluded that Appellant's latest *pro se* PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 651-52 (citing 42 Pa.C.S.A. § 9545(b)(2)). Exceptions to the time bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Because Appellant failed to file a direct appeal, Appellant's judgment of sentence became final on July 10, 2008, thirty days after the time for filing a direct appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant needed to file the petition at issue by July 10, 2009 in

order for it to be timely. Appellant filed the instant petition almost six years later; it is blatantly untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

In his PCRA petition, Appellant alleged three exceptions to the timeliness requirement. However, Appellant failed to assert any of these exceptions in his Rule 1925(b) statement or in his appellate brief. By abandoning these arguments, he has waived all claims that an enumerated exception applies to his PCRA petition. ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.").

In sum, Appellant's latest PCRA petition is untimely, and he waived any exception to the timeliness requirements of the PCRA. Thus, the PCRA court properly concluded that it lacked jurisdiction and correctly denied Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016

- 4 -