J-S66030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DONALD LEROY SHOUEY, JR. | |
| Appellant | No. 2208 MDA 2015 |

Appeal from the PCRA Order December 15, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001340-2011

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 25, 2016**

Appellant, Donald Leroy Shouey, Jr., appeals from the order dismissing as untimely his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows. Following a jury trial, Shouey was convicted of sexual assault, aggravated indecent assault, and indecent assault. The trial court sentenced him to an aggregate term of 11 to 22 years' imprisonment. Shouey did not file a direct appeal.

Shouey filed a timely *pro se* PCRA petition on April 29, 2013. The PCRA court appointed counsel, who filed an amended PCRA petition. Shouey later withdrew his PCRA petition.

On July 22, 2015, Shouey filed a second *pro se* PCRA petition, alleging that his mandatory minimum sentence was unconstitutional in light of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). Upon receipt of the petition, the PCRA court appointed counsel. The PCRA court later issued notice of its intent to dismiss the petition without a hearing. PCRA counsel did not file a response. The PCRA court then dismissed Shouey's petition as untimely on December 15, 2015. This timely appeal follows.

Prior to addressing Shouey's substantive claims, we must first determine whether the PCRA court correctly concluded that Shouey's latest PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 651-652 (citing 42 Pa.C.S.A. § 9545(b)(2)). Exceptions to the time bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see**

*also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Shouey's judgment of sentence became final on May 19, 2013, when the thirty-day time period for filing an appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Shouey needed to file the petition at issue by May 19, 2014 in order for it to be timely. He filed the instant petition over a year later; it is untimely unless Shouey has satisfied the burden of pleading and proving one of the timeliness exceptions.

Shouey has failed to prove the applicability of any of the exceptions to the PCRA's time bar. Within his PCRA petition, Shouey appears to assert that he meets the newly discovered constitutional right exception to the PCRA's time bar because of the Pennsylvania Supreme Court's ruling in **Hopkins.** **See** 117 A.3d at 247; **see also** 42 Pa.C.S.A. § 9545(b)(1)(iii).

There are multiple problems with Shouey's position. First, the **Hopkins** decision did not announce a "new rule," but simply assessed the validity of § 6317 under **Alleyne** and concluded that particular mandatory minimum sentencing statute was unconstitutional. Even if **Hopkins** had announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that **Hopkins** applies retroactively to post-conviction petitions. Consequently, to the extent Shouey attempts to rely on **Hopkins**, he has not satisfied the timeliness exception of § 9545(b)(1). Furthermore, Shouey's reliance on **Hopkins** is entirely misplaced. He was never sentenced pursuant to § 6317 and any holding invalidating § 6317

- 3 -

would have no effect on his sentence. Additionally, even assuming that Shouey relied on **Hopkins** to assert that **Alleyne** announced a new constitutional right, our Supreme Court recently held that "**Alleyne** does not apply retroactively to cases pending on collateral review. . . ." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Finally, Shouey fails to assert this exception in his Rule 1925(b) statement or in his appellate brief. By abandoning this argument, he has waived all claims that the newly discovered constitutional right exception applies to his PCRA petition. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.").

Additionally, in his appellate brief, Shouey asserts that he raised the governmental interference exception to the PCRA time bar by asserting that the Commonwealth and trial court misrepresented the application of a mandatory sentence to Shouey's charges. **See** Appellate Brief, at 4. In order for a petitioner to obtain relief from the PCRA's time bar based upon government interference, he must plead that the "failure to raise the claim [or claims] previously was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. §9545(b)(1)(i). However, in his PCRA petition, Shouey *did not* specifically plead that government interference prevented him from presenting his claim. Shouey only avers that his sentence was illegal due to

this misrepresentation. Shouey did not claim that he was prevented from raising PCRA claims based upon governmental interference until he appealed the PCRA court's dismissal of his petition. Therefore, because Shouey did not effectively raise this exception to the PCRA's time bar before the PCRA court, he has waived this issue on appeal. **See Burton**, 936 A.2d at 525.

In sum, Shouey's latest PCRA petition is untimely, and he has waived all exceptions to the timeliness requirements of the PCRA. Therefore, the PCRA court properly concluded that it lacked jurisdiction and correctly denied Shouey post-conviction relief without a hearing.

Order affirmed.

Judge Jenkins joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2016