J-S90045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN SMITH | |
| Appellant | No. 2288 EDA 2016 |

Appeal from the PCRA Order May 27, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000492-2000

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                 **FILED DECEMBER 08, 2016**

Kevin Smith ("Appellant") appeals from the order entered in the Chester County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant factual and procedural history of this appeal as follows:

> On August 18, 2000[, a] jury convicted [Appellant] of twelve (12) counts of [r]obbery and one count each of [c]riminal [c]onspiracy, [p]ossessing [i]nstruments of [c]rime ("PIC"), [t]heft by [u]nlawful [t]aking ("TBUT"), [f]irearms [n]ot to be [c]arried [w]ithout a [l]icense and [c]rimes [c]omitted with a [f]irearm…

---

[1] 42 Pa.C.S. §§ 9541-9546.

On October 18, 2000, [Appellant] was sentenced to an aggregate sentence of not less than 23 years and not more than 46 years['] imprisonment, followed by a term of seven (7) years of probation. [Appellant] timely appealed the judgment of sentence, which was affirmed by the Superior Court on September 27, 2002. ***Commonwealth v. Smith***, 3324 EDA 2000. [Appellant] did not seek allowance of appeal in the Supreme Court of Pennsylvania.

On August 26, 2004, [Appellant] filed a first untimely PCRA petition. Counsel was appointed to represent [Appellant] in all matter[s] pertaining to that PCRA petition. PCRA counsel filed a "no-merit" letter and a [p]etition to [w]ithdraw, pursuant to the dictates set forth in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988). On December 15, 2004, the [c]ourt dismissed [Appellant's] first PCRA petition as untimely. [Appellant] did not appeal the dismissal of his first PCRA petition.

On October 4, 2005, [Appellant] filed a second untimely PCRA petition… On March 10, 2006, the court dismissed [Appellant's] second PCRA petition as untimely. [Appellant] did not appeal.

PCRA Court notice of intent to dismiss PCRA petition pursuant to Pa.R.Crim.P. 907, filed May 4, 2016, at 2, footnote 2.

On March 21, 2016, Appellant filed his third PCRA petition, which is the subject of this appeal. On May 4, 2016, the PCRA court filed notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response to the notice on May 23, 2016, and the PCRA court dismissed his petition without a hearing on May 27, 2016.

On June 16, 2016, Appellant timely filed a notice of appeal. On July 14, 2016, the court ordered Appellant to file a concise statement of errors

complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on July 28, 2016.

Before we address the merits of Appellant's claims, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

**Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); **see also** 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

(i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). These "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super.2007). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on October 28, 2002, when the time-period to file a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(1), (3). *See also* 1 Pa.C.S. § 1908 ("Whenever the last day of [an appeal] period shall fall on… Sunday… such day shall be omitted from the computation"). Appellant's PCRA petition, filed March 21, 2016, is patently untimely. We must next determine whether Appellant has pled and proved any of the enumerated exceptions to the PCRA's jurisdictional time limitation.

Appellant has failed to include in his *pro se* brief a section of questions presented. We can glean, however, from the argument in his brief, his Pa.R.A.P. 1925(b) statement, and his PCRA petition that Appellant attempts to invoke the constitutional right exception to the PCRA time-bar pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). Appellant claims that his sentence was unconstitutional pursuant to ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct, 2151, 186 L.Ed.2d 314 (2013), and that the holding in Alleyne should apply retroactively to his case. In ***Alleyne***, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Id.***, 133 S.Ct. at 2155.

Unfortunately for Appellant, to qualify for the constitutional right exception to the PCRA time limitation, Appellant must plead and prove that the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a constitutional right and that the right "***has been held*** by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added). In ***Commonwealth v. Washington***, 142 A.3d 810 (Pa.2016), the Supreme Court of Pennsylvania held that ***Alleyne*** does not apply retroactively to cases pending on collateral review. Neither the Supreme Court of Pennsylvania nor the Supreme Court of the United States has held that ***Alleyne*** applies retroactively.

Because Appellant has failed to plead and prove any of the enumerated exceptions to the PCRA's jurisdictional time limitation, Appellant's petition remains time-barred, and the PCRA court correctly determined it lacked jurisdiction to hear it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2016