J-S12025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAHMAL OLLIVIERRI, | |
| Appellant | No. 1628 MDA 2017 |

Appeal from the Order entered, May 12, 2017,
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s): CP-54-CR-0001241-2010

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                          **FILED MAY 02, 2018**

Jahmal Ollivierri appeals from the order denying as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A §§ 9541-9546.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> [Ollivierri] was sentenced on November 21, 2011 for charges of homicide – third degree murder, conspiracy to commit robbery, robbery and burglary arising from the shooting death of Bruce Forker in the latter's home.  The term of incarceration imposed [pursuant to a guilty plea agreement] on the homicide offense was fifteen years to thirty years to run consecutive to an eight year sentence [Ollivierri] was serving in New York.  Lesser terms of incarceration on the other offenses to which [Ollivierri] pled guilty were imposed to run concurrent to that imposed on the homicide.  [Ollivierri] received no credit for pre-sentence imprisonment because all pre-sentence time was believed to have been applied to [his] New York sentence which he had been serving at all relevant times –

namely, prior to arrest and throughout all the proceedings in this case. At sentencing, [Ollivierri] was notified by the court of the right to ask to modify the sentence to seek any credit time not applied in his New York case and the time in which to do so. [Ollivierri] never filed a motion to do so.

The sentence imposed by this court coincided precisely to the terms of the written plea agreement [Ollivierri] had entered with the Commonwealth which clearly provided for both the cumulative fifteen to thirty years term of incarceration and that it be served consecutive to the New York sentence [Ollivierri] was serving. All of the sentencing information on the terms of the incarceration and the fact that the sentence was to be served consecutive to [the sentence Ollivierri] was serving in New York was made known to [Ollivierri] at the latest as of the time he entered the plea agreement. Further, [Ollivierri] had been so advised by the court verbally at the guilty plea and sentencing proceeding. In this regard, the court not only discussed the terms of the plea agreement but asked if [Ollivierri] understood what "consecutive" meant – to which [he] replied "yes." The court further described for [Ollivierri] how he would have to first complete his eight year New York prison sentence before the fifteen to thirty year Pennsylvania incarceration would begin.

PCRA Court Opinion, 11/22/17, at 2-3 (citations omitted).

Ollivierri filed neither a post-sentence motion nor a direct appeal. On March 20, 2017, he filed a "Nunc Pro Tunc Petition for Post-Conviction Relief," in which he asserted multiple claims regarding his guilty plea, asserted his innocence, and challenged the discretionary aspects of sentence, including the fact that his Pennsylvania sentence was imposed consecutive to his New York sentence. Ollivierri requested an evidentiary hearing and the appointment of counsel.

On March 23, 2017, the PCRA court entered an order in which it found Ollivieri's petition to be untimely, and, therefore, issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. The order further appointed current counsel to represent Ollivierri. Thereafter, counsel requested a transcript of the guilty plea and sentencing proceeding. On April 19, 2017, noting that the pertinent transcript was filed on April 13, 2017, the PCRA court extended the time for Ollivierri to respond to its Rule 907 order until April 30, 2017. Ollivierri did not file a response. By order entered May 12, 2017, the PCRA court dismissed as untimely Ollivierri's petition. This appeal follows, the PCRA court's granting of Ollivieri's *pro se* request for the reinstatement of his appellate rights *nunc pro tunc*.[1]

Before addressing the multiple claims raised in Ollivierri's brief, we must first determine whether the PCRA court correctly determined that Appellant's petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in

---

[1] Although Ollivierri successfully sought to reinstate his appellate rights *pro se*, current counsel filed his brief. In addition, we note that the Commonwealth had not filed a brief in this appeal.

the certified record. ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]  42 Pa.C.S.A § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).

Appellant did not file an appeal to this Court following his sentencing on November 21, 2011. Thus, for purposes of the time restrictions of the PCRA, Appellant's judgment of sentence became final on December 22, 2011, after the thirty-day period for requesting such relief expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant needed to file the PCRA petition at issue by December 22, 2012, for it to be timely. As Appellant filed the instant petition on March 20, 2017, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Appellant has failed to plead and prove any exception to the PCRA's time bar in his petition and his appellate brief. Ollivierri makes the assertion that, "[i]n regards to the timeliness of [his] PCRA Petition[,] 42 Pa.C.S. [§ 9545(b)(1)(ii)] allows a late filing upon fact not known to" him. Ollivierri's Brief at 5. He then avers that he "was unaware of the Department of Corrections calculation as to his credit time and consecutive sentence until the expiration of his New York sentence[,]" and immediately filed his PCRA. **Id**. Ollivierri's claim that his PCRA petition is based on "newly discovered evidence" is waived because he did not raise it in his petition. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007)

(explaining exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal).

In sum, the PCRA court correctly concluded that it lacked jurisdiction to address Ollivierri's PCRA petition, because it was untimely filed. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2018