J-S66030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEAN BURTON | : | |
| | : | |
| Appellant | : | No. 1634 EDA 2018 |

Appeal from the PCRA Order May 9, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0003894-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                     **FILED APRIL 11, 2019**

Sean Burton appeals, *pro se*, from the order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

A jury convicted Burton of first-degree murder and possessing an instrument of crime.[1] The trial court imposed a mandatory sentence of life imprisonment without parole.[2] Burton appealed. This Court affirmed, **see Commonwealth v. Burton**, 1582 EDA 2011 (Pa. Super. filed Mar. 28, 2012) (unpublished memorandum), and our Supreme Court denied *allocautor* on August 28, 2012. Burton did not appeal to the United States Supreme Court.

---

[1] 18 Pa.C.S.A. § 2502 and 18 Pa.C.S.A. § 907, respectively.

[2] The trial court also imposed a consecutive sentence of six to twenty-three months imprisonment for possessing an instrument of crime.

On April 3, 2013, Burton filed his first petition pursuant to the PCRA, alleging ineffective assistance of trial counsel. Following an evidentiary hearing, the PCRA court denied Burton's petition. A panel of this Court affirmed, **see Commonwealth v. Burton**, 1861 EDA 2014 (Pa. Super. filed May 5, 2015) (unpublished memorandum), and our Supreme Court denied *allocatur* on November 17, 2015.

Burton filed the instant petition on March 9, 2018, alleging, once again, ineffective assistance of trial counsel. Noting Burton's petition was untimely, and that Burton did not plead an exception to the PCRA time-bar, the PCRA court dismissed Burton's petition on May 10, 2018. This timely appeal follows.

Prior to reaching the merits of Burton's claims, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

- 2 -

Burton's judgment of sentence became final on September 27, 2012, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) ("[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); **see also** U.S. Sup. Ct. R. 13 (providing appellants ninety days in which to seek review with the United State Supreme Court).  His petition, filed more than five years later, is facially untimely. Thus, the PCRA court lacked jurisdiction to review Burton's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[3]

_____

[3] The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)

A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).[4] Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

While Burton argues he meets the "governmental interference" exception to the PCRA's time-bar on appeal, it is clear that he did not plead any exceptions to the PCRA's time-bar in his petition. Therefore, the PCRA court's order is justified on this basis alone.

Moreover, even if Burton had pled the "governmental interference" exception in his petition, he would be due no relief. Burton claims he meets the "governmental interference" exception because the copy of the trial transcript he received from the prothonotary was missing a page. *See* Appellant's Brief, at 23-25.

---

[4] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. However, this amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. Burton's claim of "governmental interference" arose in 2011 when he received copies of the trial transcript. Therefore, the amendment is inapplicable to Burton's claim.

In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one year jurisdictional time-bar, Burton was required to plead and prove that his "failure to raise the claim [or claims] previously was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A.§ 9545(b)(1)(i). Through his brief, Burton completely fails to allege that the missing page in the transcript prevented him from raising any claims, or that the missing page was caused by interference by government officials. Further, Burton does not explain how a missing page in a trial transcript constitutes a violation of either the Pennsylvania or United States Constitutions. Therefore, he would not be able to show that he qualifies for the exception contained in § 9545(b)(1)(i).

As we conclude Burton has failed to plead or establish his facially untimely petition qualified for an exception to the PCRA's time-bar, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/19