J-A25027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.              :
:
:
:
DONNIE JONES            :
:
Appellant     :   No. 1540 EDA 2017

Appeal from the PCRA Order April 25, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0511611-2001

BEFORE: PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, J.        **FILED APRIL 16, 2019**

Donnie Jones appeals, *pro se*, from the order dismissing his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

Following a jury trial, Jones was convicted of second-degree murder, violations of the Uniform Firearms Act, and conspiracy. On May 8, 2002, Jones was sentenced to life imprisonment. This Court affirmed his judgment of sentence and our Supreme Court denied *allocatur* on December 2, 2003.

Jones filed his first PCRA petition on November 24, 2004. Following an evidentiary hearing, the PCRA court denied Jones's petition, and this Court affirmed. Jones filed two more PCRA petitions in 2009 and 2011, respectively. Both of these petitions were dismissed as untimely.

Jones filed the instant petition on January 23, 2017. After notifying Jones of its intent to dismiss the petition without a hearing, the PCRA court

issued an order dismissing the petition on April 25, 2017. This timely appeal follows.

On appeal, Jones contends the PCRA court erred in dismissing his petition, as trial counsel was ineffective. **See** Appellant's Brief, at 9-17. We disagree.

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa. Super. 2013) (internal quotations and citations omitted).

Prior to reaching the merits of Jones's claims, we must first consider the timeliness of his PCRA petition as it implicates the jurisdiction of this Court and the PCRA court. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Instantly, Jones's judgment of sentence became final on March 2, 2004, when his time for seeking review with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* U.S. Sup. Ct. R. 13 (proving appellants ninety days in which to seek review with the United State Supreme Court). His fourth PCRA petition, filed over *twelve years later* on January 23, 2017, is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Jones's petition unless he was able to plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(i)-(iii).[1]

---

[1] The PCRA provides three exceptions to its time bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).[2] Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Jones fails to invoke any of the three timeliness exceptions under section 9545(b)(1). Instead, Jones chooses to focus both his petition and his appellate brief on his claims of trial counsel's ineffectiveness and trial court error. Jones does not articulate how any of these claims might fall within the PCRA's time-bar exceptions, nor does he allege that he raised these issues in a timely fashion.

---

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. However, this amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. Jones's instant PCRA petition was filed on January 23, 2017. Therefore, the amendment is inapplicable to Jones's claim.

As we conclude Jones had failed to meet his burden of proving his patently untimely petition falls within one of the three limited exceptions to the PCRA's jurisdictional time-bar, we affirm the PCRA court's order dismissing his petition for relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/19