J-S83001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY FITZGERALD | : | |
| | : | |
| Appellant | : | No. 1784 WDA 2016 |

Appeal from the PCRA Order October 31, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0015801-2010

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED MAY 10, 2019**

Anthony Fitzgerald, *pro se*, appeals from the November 4, 2016, order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

As summarized by the PCRA court,

On May 4, 2011, a jury convicted [Fitzgerald] of one count of Murder of the Third Degree and [the trial court] convicted him of one count of Possession of Firearm Prohibited.  On September 26, 2011, [the trial court] sentenced [Fitzgerald] to an aggregate sentence of twenty to forty years of incarceration.  After an unsuccessful direct Appeal, [Fitzgerald] filed his first PCRA petition on March 25, 2012.  Appointed counsel filed a *Turner/Finley* letter on May 5, 2014 and [the PCRA court] dismissed the petition without a hearing on May 27, 2014.  The decision of [the PCRA court] was affirmed by [this Court] on July 16, 2015.

On March 2, 2016, [Fitzgerald] filed his second PCRA petition.  On September 30, 2016, appointed counsel filed a *Turner/Finley* letter.  [The PCRA court] dismissed as untimely the PCRA petition on October 31, 2016.

PCRA Court Opinion, 5/2/17, at 1. Fitzgerald's timely appeal followed the PCRA court's dismissal of his petition.

In Fitzgerald's instant PCRA petition, he alleges that: 1) his sentence is illegal in accordance with the holding of **Alleyne v. United States**, 570 U.S. 99 (2013); and 2) his sentence is illegal because of ineffective assistance of trial, appellate, and PCRA counsel.

Prior to reaching the merits of Fitzgerald's claims, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

The trial court sentenced Fitzgerald on September 26, 2011. We affirmed his direct appeal on July 5, 2013, and the Pennsylvania Supreme Court denied *allocatur* on November 6, 2013. **See** PCRA Court Opinion, 5/2/17, at 3. As he did not file a corresponding petition with the United States

Supreme Court, Fitzgerald's judgment became final on February 4, 2014. ***See***

U.S. Supreme Court Rule 13.1 (a petition for a writ of *certiorari* is deemed

timely when it is filed within 90 days after the denial of *allocatur*). Therefore,

Fitzgerald had until February 4, 2015, to file a timely PCRA petition.

Fitzgerald filed the current PCRA petition on March 2, 2016, which makes

his petition facially untimely. Thus, the PCRA court lacked jurisdiction to

review Fitzgerald's petition unless he was able to successfully avail himself of

one of the PCRA's statutory exceptions. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-

(iii).[1] In addition, Fitzgerald must have presented his claimed exception within

60 days of the date the claim could have first been presented. ***See*** 42

---

[1] The PCRA provides three exceptions to its time bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Pa.C.S.A. § 9545(b)(2).[2]  Moreover, an exception must be pled in the PCRA petition and cannot be raised for the first time on appeal.  ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007).

Preliminarily, it is unclear which of the three PCRA exceptions Fitzgerald is trying to invoke.  The PCRA court believed Fitzgerald was trying to rely on the "unknown facts" exception, ***see*** PCRA Court Opinion, 5/2/17, at 4, whereas the Commonwealth attempted to demonstrate why Fitzgerald's "retroactivity" exception argument is erroneous.  ***See*** Appellee's Brief, at 13. In any event, Fitzgerald has failed to surmount either hurdle.

As to the former exception, Fitzgerald has cited to no "unknown facts" in accordance with 42 Pa.C.S.A. § 9545(b)(1)(ii) that he, through the exercise of due diligence, would not have had access to when he had one year to file a timely PRCA petition.  Assuming that Fitzgerald is contending that the United States Supreme Court case ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016), simply by its holding, created a fact relevant to his claims, such a contention is legally incorrect.  ***See Commonwealth v. Watts***, 23 A.3d 980,

---

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from 60 days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. Here, Fitzgerald's claim arose no later than 2016, when ***Montgomery*** was decided, and the previous version of the statute applies.

987 (Pa. 2011) ("Subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA.").

Regarding the latter exception, Fitzgerald suggests that the court's application of the deadly weapons enhancement to his sentence is unconstitutional in accordance with *Alleyne v. United States*, 570 U.S. 99 (2013). Fitzgerald submits that *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), had the effect of establishing that *Alleyne* contains a constitutional right that must be applied retroactively to collateral appeals.

First, the holding in *Montgomery* was limited to whether the holding of *Miller v. Alabama*, 132 S. Ct. 2455 (2012), "is retroactive to juvenile offenders whose convictions and sentences were final when *Miller* was decided." 136 S. Ct. at 725. Nowhere in *Montgomery* is a statement to the effect that *Alleyne* is retroactive; in fact, there are no references to *Alleyne* at all. Second, the Pennsylvania Supreme Court has unequivocally stated that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016); *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) ("Even assuming that *Alleyne* did announce a new constitutional right, nether our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final.").

We conclude Fitzgerald has failed to plead or establish that his facially untimely petition qualified for an exception to the PCRA's time-bar. As a result, we affirm the PCRA court's order dismissing his petition. ***See Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (holding that absent a timely PCRA petition or the demonstrated eligibility for a PCRA time-bar exception, "the PCRA court has no power to address the substantive merits of the [Appellant]'s PCRA claims.")

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2019