J-S21014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL CALVIN HANDFIELD II | |
| Appellant | No. 2961 EDA 2018 |

Appeal from the PCRA Order Dated August 28, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0004908-2007

BEFORE:  STABILE, MURRAY, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 25, 2019**

Appellant Earl Calvin Handfield II *pro se* appeals from the August 28, 2018 order entered in the Court of Common Pleas of Chester County ("PCRA court"), which denied as untimely his second request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on June 16, 2009, Appellant was sentenced, *inter alia*, to life imprisonment for the October 17, 2005 murder of Corey Jennings.  On December 14, 2011, this Court affirmed Appellant's judgment of sentence.  **See Commonwealth v. Handfield**, 34 A.3d 187, 212 (Pa. Super. 2011).  On October 1, 2012, our Supreme Court denied Appellant's petition for allowance of appeal.  **See Commonwealth v. Handfield**, 54 A.3d 347 (Pa. 2012).  Appellant did not

file a petition for *certiorari* with the United States Supreme Court, which he had 90 days to file. ***See*** U.S. S. Ct. Rule 13 (petition for writ of *certiorari* must be filed within ninety (90) days of the entry of the judgment for which United States Supreme Court review is sought). As a result, Appellant's judgment of sentence became final on December 30, 2012.

On September 9, 2013, Appellant timely filed his first PCRA petition, which the PCRA court denied. Appellant appealed to this Court. On July 20, 2016, we affirmed the denial of PCRA relief. ***See Commonwealth v. Handfield***, 154 A.3d 862 (Pa. Super. 2016). On March 28, 2017, our Supreme Court denied Appellant's petition for allowance of appeal. ***See Commonwealth v. Handfield***, 169 A.3d 27 (Pa. 2017).

On July 25, 2018, Appellant filed a "Petitioner's Motion for Relief Due to A *Miscarriage of Justice* Pursuant to [] ***Lawson***,"[1] and a "Motion for Trial/PCRA

_____

[1] ***Commonwealth v. Lawson***, 549 A.2d 107 (Pa. 1988) (holding that a second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate a miscarriage of justice may have occurred). Appellant's reliance upon ***Lawson*** is misplaced because ***Lawson*** predates the 1995 amendment to the PCRA that added the jurisdictional time bar. Appellant does not acknowledge that, since that time, our courts have consistently viewed the PCRA's time limits as mandatory and jurisdictional. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007); ***see also Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) ("The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely."). Further, "there is no 'miscarriage of justice' standard exception to the time requirements of the PCRA." ***Commonwealth v. Burton***, 936 A.2d 521 (Pa. Super. 2007) (citation omitted), ***appeal denied***, 959 A.2d 927 (Pa. 2008); ***see also Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008) (noting that "it is now well settled that there is no

Court's Recusal from Hearing 'Judicial Bias' (Miscarriage of Justice) Claim Against Said Court," collectively his second PCRA petition. On August 2, 2018, Appellant filed an "Amended Second PCRA Petition for Relief Due to Judicial Bias Pursuant to *Lawson*."

On August 7, 2018, the PCRA court issued a notice of its intention to dismiss Appellant's petition without a hearing under Pa.R.Crim.P. 907. Following Appellant's response, the PCRA court dismissed as untimely Appellant's second PCRA petition on August 28, 2018. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[2] Appellant presents five issues for our review, which we have reproduced verbatim:

> [I.] DOES NOT NEWLY DISCOVERED FACTS/**BRADY** MATERIAL SHOWING THAT THE TRIAL JUDGE: (1) GAVE DAVID JOHNSON, THE CHIEF WITNESS AGAINST APPELLANT A PLEA DEAL FOR TRIAL TESTIMONY AGAINST APPELLANT AND (2) GAVE JOHNSON A FURLOUGH AS A REWARD FOR HIS TESTIMONY; DEMONSTRATE A DUE PROCESS VIOLATION OF JUDICIAL BIAS?

> [II.] IS NOT A VINDICTIVE PROSECUTION WHEN BRADY EVIDENCE SHOWS A "STAR CHAMBER LIKE PROCEEDING" WHERE A PROSECUTOR PRIVATELY PERSUADED THE JUDGE TO ACCEPT A PLEA DEAL OF THE CHIEF WITNESS AGAINST APPELLANT (AFTER APPELLANT EXERCISED HIS FIFTH AMENDMENT RIGHT UNDER DERIVATIVE USE IMMUNITY) ALL WHILE KNOWING THAT THE SAME JUDGE PRESIDED OVER APPELLANT'S CASE?

---

generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions.").

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

[III.] IS NOT THIS THE APPROPRIATE CASE TO APPLY THE PRESUMPTION OF VINDICTIVENESS TO A PRETRIAL CONTEXT WHERE THE PROSECUTOR INDICTED APPELLANT SOLELY BASED ON HIM EXERCISING HIS FIFTH AMENDMENT RIGHT OF TESTIFYING UNDER DERIVATIVE USE IMMUNITY?

[IV.] IS NOT A REMAND WARRANTED FOR AN EVIDENTIARY HEARING SO THE FACT FINDING COURT CAN MAKE FACTUAL DETERMINATIONS, WHEN NEW MATERIAL EVIDENCE HAS SURFACED DURING THE APPEAL STAGE THAT DIRECTLY CORRELATES TO THE ISSUES BEFORE THE APPELLATE COURT?

[V.] DID NOT THE TRIAL JUDGE'S PARTIALITY CAUSED HIM TO FAIL TO RECOGNIZE APPELLANT'S DUE PROCESS CLAIMS OF JUDICIAL BIAS AND ACTUAL INNOCENCE AS THE NECESSARY CASE THAT WARRANTS REVIEW IN THE INTEREST OF JUSTICE IN ACCORD WITH THE FINDINGS IN *COM[MONWEALTH] V. BEASLEY*?

Appellant's Brief at 2.

Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

> > or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> > (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> > (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on December 30, 2012. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from December 30, 2012, to file his PCRA petition, the current filings are facially untimely given they were filed in July 2018.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to allege, let alone prove, at

any stage of the proceeding any exceptions to the one-year time bar. Accordingly, the PCRA court did not err in dismissing as untimely his second PCRA petition.[3]

Order affirmed.  Applications for relief denied.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/19

---

[3] Appellant submitted three filings in this Court.  On April 15, 2019, Appellant filed a "Petition for Permission to File Post-Submission Communication Pursuant to Pa.R.A.P. 2501(a)", requesting permission to submit newly discovered facts that were not presented in his brief.  On April 24, 2019, Appellant filed an "Application for Leave to File Post-Submission Communication Pursuant to Pa.R.A.P. 2501(a)," seeking leave to file a motion for reconsideration of our April 15, 2019 order denying his "Petition for Writ of Habeas Corpus Pursuant to 42 Pa.C.S.A. §§ 6501-6505" for want of jurisdiction.  On April 24, 2019, Appellant also filed an "Application for Reconsideration of April 15, 2019 Order Pursuant to Pa.R.A.P. 123."  Given our disposition of this appeal, we deny Appellant's April 15, 2019 and April 24, 2019 applications for relief.