J-S15013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEWAYNE JACKSON | : | |
| | : | |
| Appellant | : | No. 1261 WDA 2020 |

Appeal from the PCRA Order Entered October 23, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016994-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEWAYNE JACKSON | : | |
| | : | |
| Appellant | : | No. 1262 WDA 2020 |

Appeal from the PCRA Order Entered October 23, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007527-2000

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED: JUNE 4, 2021**

        Dewayne Jackson appeals, *pro se*, from the order, entered in the Court

of Common Pleas of Allegheny County, dismissing his fourth petition filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

After careful review, we affirm.[1]

The facts underlying the instant matter were set forth in a prior decision

of this Court as follows:

> In the early morning hours of August 27, 1997, Barbara Flewellen and her daughter, Melkeya Brown, were out celebrating Ms. Brown's 21st birthday in the Homewood section of the City of Pittsburgh.  As they crossed the street, [Jackson] approached them brandishing a gun and demanded Ms. Brown's necklace.  The victim, Todd Snyder, was standing on the sidewalk and criticized [Jackson] for bothering the women.  After Ms. Brown gave [Jackson] the necklace, the women turned to leave and heard [Jackson] and the victim arguing[,] which was immediately followed by the sound[] of gunshots.  Police and paramedics soon arrived, and Mr. Snyder was pronounced dead at the scene.  The cause of death was multiple gunshot wounds.  [Jackson] was arrested several weeks later and charged with the murder of Mr. Snyder and the robbery of Ms. Brown.

*Commonwealth v. Jackson*, 1681 WDA 2001, at *1-2 (Pa. Super. filed May

12, 2003) (unpublished memorandum decision).  On June 13, 2001, a jury

convicted Jackson of first-degree murder and robbery.  Jackson was sentenced

to life in prison for murder and 5-15 years' imprisonment for robbery.  Jackson

filed a direct appeal and our Court affirmed his judgment of sentence.  *See*

*id.*  The Pennsylvania Supreme Court subsequently granted Jackson's petition

---

[1] Jackson filed two separate notices of appeal, one for each docket number below.  Thus, he has complied with the dictates of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), which held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Id.* at 971.  *See* Pa.R.A.P. 341(a).

for allowance of appeal; however, on October 7, 2004, the Supreme Court dismissed the appeal as having been improvidently granted.

Jackson filed serial PCRA petitions on November 10, 2005, March 26, 2014, and September 28, 2017. The first petition was dismissed on its merits after PCRA hearings; the second and third petitions were dismissed as untimely. On September 30, 2019, Jackson filed a motion seeking to compel the Commonwealth to supply him with the photo array containing a picture that had been used to identify him in this matter. On October 30, 2019, the trial court denied the motion, explaining that it lacked the authority to grant Jackson's requested relief. *See* 42 Pa.C.S. § 9545(a) (no court has authority to entertain request of any relief in anticipation of filing PCRA petition). Jackson filed a motion to reconsider the denial of his motion to compel; on February 6, 2020, the trial court denied the motion to reconsider.[2]

On March 26, 2020, Jackson filed the instant PCRA petition, his fourth, claiming that the Commonwealth committed a ***Brady***[3] violation by withholding exculpatory evidence—a police photo used in an array to identify Jackson.[4]

---

[2] Jackson appealed this decision to our Court. However, on June 12, 2020, our Court dismissed Jackson's appeal for failure to file a brief. *See* Per Curiam Order, 6/12/20.

[3] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[4] Specifically, Jackson claims that this photo is exculpatory because it depicts him with very short hair and both eyewitnesses reported to the police that the assailant had braids at the time of the murder.

On August 25, 2020, the trial court gave notice of its intent to dismiss Jackson's petition due to its untimeliness and his failure to plead and prove any exception to the PCRA's time bar. On October 23, 2020, the court dismissed the petition. Jackson now files this *pro se* collateral appeal.

Pursuant to the PCRA, any petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Burton**, 158 A.3d 618, 623 n.7 (Pa. 2017). Section 9545(b)(3) provides a judgment of sentence becomes final at the conclusion of direct review or at the expiration of the time period for seeking the review. **Id.** Instantly, Jackson's PCRA petition was untimely filed[5] and he does not plead and prove any of the PCRA's timeliness exceptions.[6] **See** 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Accordingly,

---

[5] Jackson's judgment of sentence became final, for purposes of the PCRA, on January 5, 2005, ninety days after the Pennsylvania Supreme Court dismissed his appeal as having been improvidently granted and the time expired for him to file a petition for a writ of certiorari with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); Sup. Ct. R. 13. Thus, Jackson had until January 5, 2006, to file a timely petition. Jackson's current petition was filed more than 15 years beyond that date on March 26, 2020.

[6] Jackson states in his response to the PCRA court's notice of dismissal that "[t]he Commonwealth committed governmental interference by withholding photo picture 267966 from [the] photo array [that was used to] identify [him], which caused a **Brady** violation." *Pro Se* Petitioner's Response to Notice of Intention to Dismiss, 10/19/20, at 2. However, the trial court correctly notes that in his petition,

> Jackson relies on documents and events that are themselves many years old, and he provides insufficient allegations as to how said documents/events make the [petition] timely pursuant to the

the trial court lacked jurisdiction to consider any of Jackson's PCRA claims and properly dismissed his petition.[7] ***See Commonwealth v. Burton***, 936 A.2d 521, 524 (Pa. Super. 2007).[8]

Order affirmed.

_____

requirements of [section] 9545(b), including [section] 9545(b)(2)[.] Accordingly, [] Jackson's [petition] is facially untimely[; Jackson] he has not properly and adequately pled the existence of an exception contained within [section] 9545(b)(1)(i)-(iii), and the court lacks jurisdiction to adjudicate the [petition] and the relief requested therein.

Trial Court Notice of Intent to Dismiss, 8/26/20, at 2.

[7] Moreover, even if Jackson's petition were deemed timely filed, he would be ineligible for relief under the PCRA as the claim in his current petition is nearly identical to that raised in his last PCRA petition that was denied and affirmed on appeal by this Court. ***See Commonwealth v. Jackson***, 576 WDA 2018 (Pa. Super. filed May 30, 2019) (unpublished memorandum decision). Thus, the issue has been previously litigated. ***See*** 42 Pa.C.S. § 9543(a)(3).

[8] We also recognize that we could find Jackson's claims on appeal waived for his failure to file a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(viii). Instantly, the trial court originally ordered Jackson's Rule 1925(b) statement be filed within 21 days of November 30, 2020. However, on December 10, 2020, Jackson asked the court for an extension within which to file the statement, which the trial court granted until January 11, 2021. There is nothing, however, in the certified record indicating that Jackson ever filed a Rule 1925(b) statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/04/2021