J-S36019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES B. SMITH | : | |
| | : | |
| Appellant | : | No. 198 EDA 2023 |

Appeal from the PCRA Order Entered December 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0346561-1982

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 7, 2023**

Appellant James B. Smith appeals *pro se* from the order dismissing his third Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant argues that he met the governmental interference exception to the PCRA time bar and raises multiple claims concerning his underlying conviction and sentence. We affirm.

The underlying facts and procedural history of this matter are well known to the parties.  ***See Commonwealth v. Smith***, 733 Philadelphia 1994 at 1-2 (Pa. Super. filed Nov. 16, 1995) (*per curiam*) (unpublished mem.). Briefly, the trial court sentenced Appellant to a mandatory aggregate term of life imprisonment without possibility of parole after the jury convicted him of first-degree murder and related offenses in 1983.  On appeal, this Court

---

[1] 42 Pa.C.S. §§ 9541-9546.

affirmed Appellant's judgment of sentence and our Supreme Court denied further review. *See Commonwealth v. Smith*, 3452 PHL 1983 (Pa. Super. filed Mar. 15, 1985) (*per curiam*) (unpublished mem.), *appeal denied*, 439 E.D. Alloc. Dkt. 1985 (Pa. filed Mar. 10, 1986). Appellant subsequently filed two PCRA petitions, both of which were ultimately denied. *See Commonwealth v. Smith*, 03023 Philadelphia 1991 (Pa. Super. filed April 23, 1993) (*per curiam*) (unpublished mem.); *Commonwealth v. Smith*, 733 Philadelphia 1994 (Pa. Super. filed Nov. 16, 1995) (*per curiam*) (unpublished mem.).

On December 3, 2016, Appellant filed a petition for writ of *habeas corpus*, which the PCRA court properly treated as an untimely third PCRA petition.[2] Therein, Appellant raised multiple claims concerning trial counsel's ineffectiveness, due process violations, and challenges to both his conviction and sentence.

On August 4, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The PCRA court issued an order dismissing Appellant's petition on December 29, 2022. Appellant filed a timely *pro se* notice of appeal on January 12, 2023. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. The trial court

---

[2] We note that although labeled as a petition for writ of *habeas corpus*, Appellant raised claims that are cognizable under the PCRA. Therefore, the PCRA court properly treated Appellant's *habeas* petition as a PCRA petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (stating that unless the PCRA cannot provide a potential remedy, "the PCRA statute subsumes the writ of *habeas corpus*" (citations omitted)).

issued a Rule 1925(a) opinion concluding that it did not have jurisdiction because Appellant failed to invoke an exception to the PCRA's jurisdictional time bar.

On appeal, Appellant raises the following issues for our review:

1. Whether the PCRA court erred in dismissing PCRA (*habeas*) petition where [Appellant] due to COVID-19 protocols hampered [Appellant] from properly perfecting [Pa.R.Crim.P.] 907 opposition letter [or] memorandum to show how his claims of governmental interference denied [Appellant] right to raise his claims of actual innocence, cruel and unusual punishment, and the failure to disclose[?]

2. Assuming *arguendo* that no matter how inartfully [Appellant] raised issues of actual innocence under the language of an illegal sentence as it relates to cruel and unusual punishment[?]

3. Whether [the] trial court erred in failing to instruct the jury on eyewitness testimony and actual innocence as well as malice, intent, and conspiracy[?]

4. Whether the claim of actual innocence is cognizable under [42 Pa.C.S. §§] 9541-9546 and if so does such a claim meet the exceptions of [Section] 9545 since actual innocence can never be waived nor time-barred[?]

Appellant's Brief at 2 (formatting altered).

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation

omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of the exceptions must be filed within one year of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d

- 4 -

1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016).

Further, any "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) (citation omitted); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, it is undisputed that Appellant's instant petition is facially untimely, as it was filed more than thirty years after his sentence became final. **See** 42 Pa.C.S. § 9545(b)(1). In his brief, Appellant argues that he met the government interference exception. Appellant's Brief at 8. However, our review of the record confirms that Appellant did not argue any timeliness exception in his *pro se* PCRA petition. Therefore, Appellant waived his argument that he satisfied an exception to the PCRA time bar. **See Burton**, 936 A.2d at 525; **see also** Pa.R.A.P. 302(a).

For these reasons, we conclude that Appellant's petition is untimely and that he failed to establish an exception to the PCRA time bar. **See Albrecht**, 994 A.2d at 1094; **see also** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023